**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MICHAEL KORS, L.L.C.,     )
            )
    Plaintiff,     ) Case No. 15-cv-1618
            )
    v.       ) **Judge Virginia M. Kendall**
            )
WU XING, PANLUZHONG, WEN, LING TAI, ) **Magistrate Judge Jeffrey T. Gilbert**
XIHUANG LI, MARQUITHA FLAND,  )
STEPHANIE CHANDLER, VALIANT  )
COMPAGNON, PRIVACYPROTECT.ORG, )
MICHAELKORS.CO.CM, PETER, CHAN )
GUO, CHANG LIU, GUI QIAN, JUN LIU, KAI)
WANG, LI FANG, LING ZHANG, LINLIN )
CHENG, QIANGWEN LIU, SHENG WANG, )
SHENGPING LIU, TIAN YANG, WENXIU )
LIU, XIU GAO, YANG GU, YUNYUN DU, )
DAN THURSTON, HANNAH GRAY, DAVID, )
ANNA ELLIS, GERYI WANG, HUACHAO )
CHEN, PEARL BAI, SHIRLEY YU CHEN, )
WILLIAM FARRELLY, ALISON   )
MCCALLUM ALISON MCCALLUM, JOSPHE)
HIND UK, MARTA ZAPADKA, MARTIN )
WENG, LUKE MARSH, JANA DOJAVOVA, )
MIKEL LEE, GARY SMITH GARY SMITH, )
JASON BLACK JASON BLACK, JENNIFER )
TURNER JENNIFER TURNER, FUWEN )
CHEN, HANGSHENG LIU, LIN TANG, )
LINLIN WU, MEILI WANG, QIANQIAN LIN, )
TIANWEN GUO, TINGTING MO, XIANGJUN)
CHEN, XIAOLIAN WANG, YIRAN ZHOU, )
YUNYUN YANG, FUYUN GAO, KERUI )
ZHANG, MING JIANG, WENJING ZHENG, )
IAN PRING, SHEILA MALLETT, STEPH )
ELLIS, JAMES PRENTICE, PETRISOR LUPU,)
FEINIU, JIM HENRY, CHENG YA, ALEX )
DAVIES, FEIXIANG WU, LIN GU, RAN )
GUO, WEN HAN, WULIANG CHEN, ANA )
CALDEIRA, ANN DICKSON, CHEN HONG, )
DANIEL SULLIVAN, FANG WHITE,  )
JHANZAIB NEMAT, JOHN WESTWOOD, )
MIANSEN ZHENG, ROSS PARKER,  )
SERFOZO ATTILA, SHEATAL PAREKH, )
WEN BEN ZHOU, LI MEIDAN,   )

NEWAPPLEIPHONESTORE.COM, MILTON )
MILLER, WHOISGUARD, INC., ELIS KIAS, )
JINMEI LEI, TANGXIANG TRADE, )
OUYANG SUYANG, OUYANG SUTU, )
OUYANG SUQI, MURONG YUNSI, )
OUYANG ZHUZI, HUA YINGLANG, )
OUYANG TUKU, OUYANG QUNHUA, )
OUYANG XINGCHENG, PRIVACY )
PROTECTION SERVICE INC D/B/A )
PRIVACYPROTECT.ORG, FENG LI, )
SUKEBEN, FAY BATES, LI GUOPENG, LIN )
WEN, WHOIS AGENT, ZHOU XUEYOU, )
MARKEN XUEYOU, LIN YI, WENG )
ZHIXIONG, MARKEN AMMY, ZHOU )
AMMY, DIANA LDE, LI BING, LIDA, CHEN )
JIAN SHAN, JIAHUI JIANG, SHIQING CAI, )
XIAOLI XUAN, FAN YAHUI, DONG QING, )
HU MAOMAO, MKORS SOLE, SERVICE )
SALE, ZHOU YIFAN, ZUO FENG, JOHN )
BROWN, DOTSON HOWARD, GUO )
XIAOWUGONG, GUO XIAOWUGONG, HU )
NAN DA KANG MU YE GU FEN YOU XIAN )
GONG SI, MONY MA, XIA MEN QIAN YUN )
WANG LUO KE JI YOU XIAN GONG SI, )
WHOISGUARD, INC., ORGANIZATION, SHI )
FA SI, LI QINGFENG, BRENDA )
CALDWELL, MARTIN WENG, ZHOU RONG )
HUA, ZHANG YU, LIN XIN, REN FENG, )
JAYCYN AGER, YSYE, RYAN, LI MING, )
MCNEELY, JOSE, BIGROCK SOLUTIONS )
LTD, BERNARD, DENNIS, PATRICK )
SANTILLO PATRICK SANTILLO, OCAMPO, )
DEBORA, ISDUOLA SAM, HUANG LIANSU, )
MU SONGXI, SHAO YANG, ZHENG )
LIANSHENG, HUANG LIANSU, ZHOU )
CHOUSHEN, HUANG LIANSU, MERRILL, )
CHRIS, MEDRANO, DOUGLAS, PUGH, )
WENDY, BUTLER, LASHANDA, HERRY )
BNUHER, DAWEI XIE, KERRYO, WTOWTO,)
JACKSON MICHAEL, KUADA, SARA, GAO )
CUAN LAN, SUN HONG, SAWYER LIN, )
LUKE MARSH, LI BING, SUN LEI, )
WENYUAN ZHANG, LEE JIANXIONG, FU )
ZHOU SHI FEI YANG YOU XIAN GONG SI, )
SU ZHOU SI HUA SHENG YOU XIAN GONG )
SI, FU ZHOU XING RONG YUAN YOU )
XIAN GONG SI, WEN ZHOU SHI YI LI YOU )

XIAN GONG SI, MARIA ALBITO, FU ZHOU )
SHI FEI YANG YOU XIAN GONG SI, SHEN, )
QIKUANG, LIAN, QIYING, XIAO WU )
GONG, XIAO QIANGGONG, HANG )
ZHIMING, WO, ORGANIZATION, DOMAIN )
WHOIS PROTECTION SERVICE, )
WHOISGUARD, INC., JINYING LIN, HUANG )
JIN ZHUA, XIAYU ZHI, ISABELL HEISCH, )
LEE FEI, TARASUKJEAN TARASUKJEAN, )
GERYI WANG, JUANITA THOMAS, )
ZHANGSUN ZHIXUAN, HAO LI, )
MCCAULEY, AUDREY, KANQUAN CHEN, )
CHEN JIANNONG, ZHONG YI, DAI )
CHUNMEI, XIANGRONG SHI, GONG )
MANLI, WANG PEIJIE, REGISTRANT )
ORGANIZATION:, GONGYU ZIAN, JACK )
STICKER, OUYANG SUYAN, WEN BEN )
ZHOU, DYNA LINGAT, OUYANG QIAI, )
LIIYN PANDA, OUYANG JINGZHONG, )
OUYANG JIEOU, DSGSDAFS DFGSDF, )
HEWAN XINDU, HU YUANYUAN, LIUYN )
XINDU, OUYANG MENGGU, GAOYANG )
YUXIN, OWEN PALLA, BARTLOMIEJ )
MARZEC, WEN PIN, DALE MACKIE, )
LIHUA, ERIC VERGARA, WEN PIN, )
ORGANIZATION, ZHU XIANSHENG, )
LATOYA PARKER, SELBY, OUYANG )
XINGCHU, WUXI YILIAN LLC, LEE )
HANSON, SHANGGUAN LISI, LIU HU, )
SARAH MORGAN, JOHN M CLARK, )
VERONNEAU FR, ZHUYONGMING, )
WILLIAMS ZAKARI, WANG ER, KENT )
JOHNSON, WANG WANSU, GAO SHENME, )
SHI BIXING, ZHANG KAIBI, WEI )
CHUANXING, MARTIN ROCHA, SERGE, )
ORGANIZATION, LINHEHE, NI MING, )
PETER ADERSON, CHAN CHANRUNG, )
SUSAN LEE, LI FENG, LIN YAO, TENG )
RHYS, GOOGBOOD, LI YANHONG, )
YANHONG LI, FU DAN DAN, CAO ZHONG, )
FANG MIAOSHU, ARAN, TONG )
XINGQIUXIANSHENG, YINSI BAOHU YI )
KAIQI (HIDDEN BY WHOIS PRIVACY )
PROTECTION SERVICE), LIUJUAN, )
ASDFDS, ALEN LIN, WHOIS PRIVACY )
PROTECTION SERVICE OF CHENGDU )
WEST DIMENSION DIGITAL )

TECHNOLOGY CO., LTD, COMPANY, )
WHOISGUARD, INC., LOR KJAK, )
YONGYUAN KUANG, SUSAN FLYNN, )
MAMA, USLNN CN, EVERETT M. )
HOLLINGER, MANDY, WANG XIAOLI, )
WHOISGUARD, INC., HONG RUI, KYLE )
CUNN, ZHANG MING, SEAN ELLIS, KAREN)
J. KENNEDY, STEVEN S. HURD, MIKE )
BROWN, TAMMY DAVIS, CHERYL D. )
FOWLER, JOAN LOPEZ, INES BAECKER, )
CHARLES R. HELMER, DAVID JOHNSON, )
ZHOU JIE, XIANGRONG SHI, STAROUT )
SOFT, WANG FAN, )
ASDGUIPOYUBSGDRGDFG DFGSER, )
DGDSJFGKLJMNLKMDSJRBHGDFCN )
DGDF, LIANG GUANGPU, )
XSGDRFIPUBADRVDFEW GFHT, )
CGHTFJIPGBADRVFDGD DFGRE, LI )
HONG, PAN RUIFU, )
FDXGHSDFHNDFIGFCXG DFSGER, JEY XI, )
KUADA, KUADA, LI LIULI, TONY JIMMY, )
PAUL CLARKE, REMINGTON HOTEL )
CORP, TENG RHYS, WAI TONG, FCGDF )
FGFDGDFG, WENG JUNPENG, XIAMEN )
SHOUXIAN MAOYI YOUXIAN GONGSI, )
ZUOYE YOUXIAN GONGSI, WANG HUAN, )
FAN FAN, ZHANG YANG, XIANG FENG, )
ZHANGHUIYUN, ZHENG CHUNSHENG, )
WENG JUNPENG, ALBA FLORES, ALYSON )
RUIZ, DANIELA MIOTTO, PAQU NEIXIN, )
OUYANG MIYOU, HUANG LIANSU, )
OUYANG HUAWEN, WANG XINCHUAN, )
CHEN XINGXING, YANG LIN, LIN PIN, )
GOMEZ EMILY, ZHANG KE, OUYANG )
XINGLIANG, WONG JUDY, YANG MING, )
WONG JUDY, JULIE ENGLISH, OUYANG )
JIEYOU, LI XIN BAI, GUO RAN, MONROY )
CELESTE KATE, AKASAKA NANAE, )
SAMANTHABARNETT, HURLEY, MARY, )
GUO XIAOWUGONG, LIN HUI, LIN )
QINGGONG, XU HUANG, ZHANG FENG, )
GUO XIAOWUGONG, YANG SHUQING, )
XIAO LINGONG, CHEN GUOQIANG, WANG)
XIAO YA, WU LONGFENG, XIAO MEI, )
SHILIRONG, LI XIAORUI, XU XIAOHUI, )
HAZELPASCUAL, WANG XIAOLI, HUANG )
YONGTAO, LI KEXIN, ZHANG BIHUA, )

PAIOS, GUAN LINGGONG, LAN )
LINGGONG, QIN HUANGGONG, WU )
XINGXING, ZHENG FENG, ZHANG )
YONGTAO, GAN LINGGONG, WU )
ZHIRONG, XIAO QIANGGONG, XU )
HUANG, BRANDSALE BRANDINC, YANG )
LIN, WHOISGUARD, INC., PIN LIN, )
WHOISGUARD, INC., YANG LIN, OWENS, )
JAMES, LIN QIANG, WHOISGUARD, INC., )
HUANG YUELIN, WHOISGUARD, INC., )
CHUANZHANG FANGMIN, PATE )
ERSAQIN, OUYANG CHANGJIA, WANG )
WU, CONRAD BURR, DEWAYNE )
CERVANTES, LIYUN FENGPAN, CHEN )
BAP, BESTDFDD SSLIN, CLARA E )
ANDREW, BRIAN T. HARRISON, AUTUMN )
S. CUTHBERTSON, GLORIA H SCOTT, )
MARY VILLANUEVA, ZHIRONG TRADE, )
JIANG SU SHI CHENG YI YOU XIAN GONG )
SI, GIURT OKOA, EMMA DALTON, HOWE, )
BRITTANY, XIAO ZHUAN, RUDY RIVERA, )
DARREN INGRAM, JACK LANG, ZHANG )
YAN, CESARCALLES, XIA XUE, GO GO, )
CHEN CHEN, MICHAEL BREWSTER, )
GARY, LAWRENCE, ARLENE CASTRO )
ZELAYA, JEFFREY H. FARR, NEVIN )
WEEKS, EMICTER TOM, XIAO MAI, WANG )
SHUAI, WANG ZHONGKAI, KARRYTONY, )
WANYOUX IQ, CARLSON, MICHAEL, )
XIAO LING, CHERYL L RAWSON, JESUS R )
BAUER, HAYDEE J MCDADE, IONA J )
ANSTETT, CHEN XIAOLONG, AMY )
GREEN, OUYANG SURU, PROTECTION )
PRIVACY, FU ZHOU SHI QIANG SHENG )
YOU XIAN GONG SI, ZHANG QIN, )
OUYANG XINGYI, OUYANG SUQUN, )
DENG LINGTAO, JIANG HONGWEN, )
WAKAKA, FU ZHOU SHI SHAN XIN YOU )
XIAN GONG SI, KIERAN OIPAMN, )
ABRIANNA GONZALES, JIANG SU SHI )
SHU YOU YOU XIAN GONG SI, WU )
LIFANG, ZHOU CHOUSHEN, CHEN )
ZIXIAN, MIKE TANG, LAY PILL, JOHN )
DEACON, YU, WU, SHUIPING GAN, )
JIANLIN XIAO, GONZALES, DONALD, )
JOHN ALCORN, JESSIE POOLE, CLAY )
DERRIK, STEPHANIE GREEN, LIQING )

GONG, AMY BLOOM, HA HA, WHOIS )
PRIVACY PROTECTION SERVICE, INC., )
EMMA ANDY, AMY GREEN, YESSICA, )
XIANG FEI, WEN BEN ZHOU, SU RAN, )
LOUIS SLAUGHTER, WEI WEI, CCW, )
KANDY DENG, JGRKLE BJZIZO, )
CHANGTIAN CHONGQING CO.LTD, )
NORDSTROMSHOES-OUTLET.NET, )
HUACHAO CHEN, SCOTT LARSON, FFJREL)
AANJKAK, BAI ZHANG, JING BEN ZHENG, )
LEE JEFF, ANDY LAU, WU WANG, ABC, )
TIME OUR, SHANGGUAN CHUYOU, )
LUDWIG RHYS, LI LUBAI, WHOISGUARD, )
INC., SHANGGUAN MIHUAN, HU NAO, )
GRAND SALE, LI JIA, MONIQUE )
SCHENKELS MONIQUE SCHENKELS, )
WANGWANG, LI YANG, )
XCGBDFHJIPDAGASDFGV SDER, QIAN )
ZHI, DONG QING, CHENLING, ZHOU )
YITONG, LING MIN, AMELIA WEBSTER, )
LANNY TYNDALL, ZHANGSHUXIAN, )
HEPIN GMAOYI, DAVID L BARRON, DAN )
THURSTON, KAITAI YANG, BAI SUSU, HE )
TIANXIANG, LI FANG, QIN GUANGSHUN, )
JING BEN ZHENG, LANNY CHEN, DIANE )
H. RODRIGUEZ, ENLOE CLEMONS, BRIAN )
SOSA, ZHENG XIANSHEN, CHEN JIANWEI, )
ZHOU LONG, XINQIAN WEN, LUIGII )
CARDINAEE, FINNEY ELLY, XIA MEN OU )
MAN DI, LUDWIG RHYS, JIN ZHENG )
TRADING CO., LTD. XIAMEN, FU CHEN, )
HIUR KOANB, RUDY TREVINO, B2C )
TRADE, CHEN HAO, LEO C, SHUXIN, )
ANQINA ELECTRONIC COMMERCE CO., )
LTD, JIUREN-----BUFU, SI TONG, MUSES )
EUROPEAN AND AMERICAN FASHION )
TRADE PLAZA, ELLY BAG, LINTO LTD, )
YASMINE, ELEGANT HOUSE HOLD LIFE )
CO,LTD, MAURICES CLOTHING )
COMPANY, AMAZING VENUSS, QIQI 88, )
SOPHY'S WHOLESALE SHOP, FASHION )
JESSIE SHOP, VETORIA, GUANGUAN7788, )
KEN ZOU 'S STORE, ACCESSORIES )
NEVERMORE, TINA HU 'S STORE, HONEY )
KO HOUSE, THE SOUTH WIND STORE, )
ETOWN ELECTRONICS CO. LTD, NEW )
SWISS BILLITON LTD., JULIE FASHION )

STUDIO 232023, MAYUN TA MA'S      )
FASHION STORE, HANGZHOU YOYO      )
BOUTIQUE CO., LTD, TIMES GIFTS      )
CO.,LIMITED, CELL PHONE ACCESSORIES )
STORE, ADA JEWELRY-FACTORY PRICE   )
(MIN. ORDER:15D), JIA FANG HU'S STORE, )
YUMIM LI'S STORE, Z&L TRADE CO.,LTD,  )
GUANGZHOU TANGO LEATHER CO ., LTD,)
BEILEI JEWELRY ONLINE MARKET,      )
FASHION WATCHES-AOPOSI            )
INTERNATIONAL TRADE CO, LTD, PHONE )
CASE DIY ACCESSORY JEWELRY, MEIMEI)
HAN, LESLIE CHEUNG, DAILYDOSE99,    )
WINTERWIN, DONGJU638, JINSHANSP,    )
HAOLUCK77, WANGZIXIN168,          )
TOP6682013, GZLHM, HAOYUN2012888,   )
QUNLI, GXF474274, SUPERTRADE10,     )
TOPBELTS, SHOESBAG, GREATESTER,    )
VILIN, FEIQILAI219, JUAN888,          )
FANGJINMEI, DINGWANTING518,        )
AIDEDAIJIA1668, STYLE737, GHDORE1688,)
JYLY2014, BAISHIKELE2013, XINGFU1977, )
HKBABA98, SUPERLIN, HHONEY888,     )
LARGEWHOLESALE, PINYIN0314,       )
HONESTSELLER119, WEIWEIHAOUN188,   )
FDSGAHRTSD, NIULIAA, SWY6889,      )
ZHAOYIYI998, KASWSAK, TANGMART,    )
YONGYUAN668, HKMN789,            )
SUCCESSFULLY, ZARRAWEAR666,       )
BESTOFTRADE2011, EASYGOODBUY,     )
ASDFA996, CHIUMANSAN, CUTEBABIE,   )
DONGFANGYIQU, MASTERPIECESHOP,    )
MEIHUALU369, MINGDGGS5652,        )
TOMSTORE888, XINWENLIANBO118,     )
218.6.9.47:8022,                    )
CYWATCHES.V.YUPOO.COM, and        )
ROLASHOP.V.YUPOO.COM,             )
                                    )
                   Defendants.      )
_____)

**AMENDED COMPLAINT**

Plaintiff Michael Kors, L.L.C. ("Michael Kors") hereby brings the present action against WU XING, PANLUZHONG, WEN, LING TAI, XIHUANG LI, MARQUITHA FLAND, STEPHANIE CHANDLER, VALIANT COMPAGNON, PRIVACYPROTECT.ORG, MICHAELKORS.CO.CM, PETER, CHAN GUO, CHANG LIU, GUI QIAN, JUN LIU, KAI WANG, LI FANG, LING ZHANG, LINLIN CHENG, QIANGWEN LIU, SHENG WANG, SHENGPING LIU, TIAN YANG, WENXIU LIU, XIU GAO, YANG GU, YUNYUN DU, DAN THURSTON, HANNAH GRAY, DAVID, ANNA ELLIS, GERYI WANG, HUACHAO CHEN, PEARL BAI, SHIRLEY YU CHEN, WILLIAM FARRELLY, ALISON MCCALLUM ALISON MCCALLUM, JOSPHE HIND UK, MARTA ZAPADKA, MARTIN WENG, LUKE MARSH, JANA DOJAVOVA, MIKEL LEE, GARY SMITH GARY SMITH, JASON BLACK JASON BLACK, JENNIFER TURNER JENNIFER TURNER, FUWEN CHEN, HANGSHENG LIU, LIN TANG, LINLIN WU, MEILI WANG, QIANQIAN LIN, TIANWEN GUO, TINGTING MO, XIANGJUN CHEN, XIAOLIAN WANG, YIRAN ZHOU, YUNYUN YANG, FUYUN GAO, KERUI ZHANG, MING JIANG, WENJING ZHENG, IAN PRING, SHEILA MALLETT, STEPH ELLIS, JAMES PRENTICE, PETRISOR LUPU, FEINIU, JIM HENRY, CHENG YA, ALEX DAVIES, FEIXIANG WU, LIN GU, RAN GUO, WEN HAN, WULIANG CHEN, ANA CALDEIRA, ANN DICKSON, CHEN HONG, DANIEL SULLIVAN, FANG WHITE, JHANZAIB NEMAT, JOHN WESTWOOD, MIANSEN ZHENG, ROSS PARKER, SERFOZO ATTILA, SHEATAL PAREKH, WEN BEN ZHOU, LI MEIDAN, NEWAPPLEIPHONESTORE.COM, MILTON MILLER, WHOISGUARD, INC., ELIS KIAS, JINMEI LEI, TANGXIANG TRADE, OUYANG SUYANG, OUYANG SUTU, OUYANG SUQI, MURONG YUNSI, OUYANG ZHUZI, HUA YINGLANG, OUYANG TUKU, OUYANG QUNHUA, OUYANG XINGCHENG, PRIVACY PROTECTION SERVICE INC D/B/A

8

PRIVACYPROTECT.ORG, FENG LI, SUKEBEN, FAY BATES, LI GUOPENG, LIN WEN, WHOIS AGENT, ZHOU XUEYOU, MARKEN XUEYOU, LIN YI, WENG ZHIXIONG, MARKEN AMMY, ZHOU AMMY, DIANA LDE, LI BING, LIDA, CHEN JIAN SHAN, JIAHUI JIANG, SHIQING CAI, XIAOLI XUAN, FAN YAHUI, DONG QING, HU MAOMAO, MKORS SOLE, SERVICE SALE, ZHOU YIFAN, ZUO FENG, JOHN BROWN, DOTSON HOWARD, GUO XIAOWUGONG, GUO XIAOWUGONG, HU NAN DA KANG MU YE GU FEN YOU XIAN GONG SI, MONY MA, XIA MEN QIAN YUN WANG LUO KE JI YOU XIAN GONG SI, WHOISGUARD, INC., ORGANIZATION, SHI FA SI, LI QINGFENG, BRENDA CALDWELL, MARTIN WENG, ZHOU RONG HUA, ZHANG YU, LIN XIN, REN FENG, JAYCYN AGER, YSYE, RYAN, LI MING, MCNEELY, JOSE, BIGROCK SOLUTIONS LTD, BERNARD, DENNIS, PATRICK SANTILLO PATRICK SANTILLO, OCAMPO, DEBORA, ISDUOLA SAM, HUANG LIANSU, MU SONGXI, SHAO YANG, ZHENG LIANSHENG, HUANG LIANSU, ZHOU CHOUSHEN, HUANG LIANSU, MERRILL, CHRIS, MEDRANO, DOUGLAS, PUGH, WENDY, BUTLER, LASHANDA, HERRY BNUHER, DAWEI XIE, KERRYO, WTOWTO, JACKSON MICHAEL, KUADA, SARA, GAO CUAN LAN, SUN HONG, SAWYER LIN, LUKE MARSH, LI BING, SUN LEI, WENYUAN ZHANG, LEE JIANXIONG, FU ZHOU SHI FEI YANG YOU XIAN GONG SI, SU ZHOU SI HUA SHENG YOU XIAN GONG SI, FU ZHOU XING RONG YUAN YOU XIAN GONG SI, WEN ZHOU SHI YI LI YOU XIAN GONG SI, MARIA ALBITO, FU ZHOU SHI FEI YANG YOU XIAN GONG SI, SHEN, QIKUANG, LIAN, QIYING, XIAO WU GONG, XIAO QIANGGONG, HANG ZHIMING, WO, ORGANIZATION, DOMAIN WHOIS PROTECTION SERVICE, WHOISGUARD, INC., JINYING LIN, HUANG JIN ZHUA, XIAYU ZHI, ISABELL HEISCH, LEE FEI, TARASUKJEAN TARASUKJEAN, GERYI WANG, JUANITA THOMAS, ZHANGSUN ZHIXUAN, HAO LI, MCCAULEY, AUDREY,

KANQUAN CHEN, CHEN JIANNONG, ZHONG YI, DAI CHUNMEI, XIANGRONG SHI, GONG MANLI, WANG PEIJIE, REGISTRANT ORGANIZATION:, GONGYU ZIAN, JACK STICKER, OUYANG SUYAN, WEN BEN ZHOU, DYNA LINGAT, OUYANG QIAI, LIIYN PANDA, OUYANG JINGZHONG, OUYANG JIEOU, DSGSDAFS DFGSDF, HEWAN XINDU, HU YUANYUAN, LIUYN XINDU, OUYANG MENGGU, GAOYANG YUXIN, OWEN PALLA, BARTLOMIEJ MARZEC, WEN PIN, DALE MACKIE, LIHUA, ERIC VERGARA, WEN PIN, ORGANIZATION, ZHU XIANSHENG, LATOYA PARKER, SELBY, OUYANG XINGCHU, WUXI YILIAN LLC, LEE HANSON, SHANGGUAN LISI, LIU HU, SARAH MORGAN, JOHN M CLARK, VERONNEAU FR, ZHUYONGMING, WILLIAMS ZAKARI, WANG ER, KENT JOHNSON, WANG WANSU, GAO SHENME, SHI BIXING, ZHANG KAIBI, WEI CHUANXING, MARTIN ROCHA, SERGE, ORGANIZATION, LINHEHE, NI MING, PETER ADERSON, CHAN CHANRUNG, SUSAN LEE, LI FENG, LIN YAO, TENG RHYS, GOOGBOOD, LI YANHONG, YANHONG LI, FU DAN DAN, CAO ZHONG, FANG MIAOSHU, ARAN, TONG XINGQIUXIANSHENG, YINSI BAOHU YI KAIQI (HIDDEN BY WHOIS PRIVACY PROTECTION SERVICE), LIUJUAN, ASDFDS, ALEN LIN, WHOIS PRIVACY PROTECTION SERVICE OF CHENGDU WEST DIMENSION DIGITAL TECHNOLOGY CO., LTD, COMPANY, WHOISGUARD, INC., LOR KJAK, YONGYUAN KUANG, SUSAN FLYNN, MAMA, USLNN CN, EVERETT M. HOLLINGER, MANDY, WANG XIAOLI, WHOISGUARD, INC., HONG RUI, KYLE CUNN, ZHANG MING, SEAN ELLIS, KAREN J. KENNEDY, STEVEN S. HURD, MIKE BROWN, TAMMY DAVIS, CHERYL D. FOWLER, JOAN LOPEZ, INES BAECKER, CHARLES R. HELMER, DAVID JOHNSON, ZHOU JIE, XIANGRONG SHI, STAROUT SOFT, WANG FAN, ASDGUIPOYUBSGDRGDFG DFGSER, DGDSJFGKLJMNLKMDSJRBHGDFCN DGDF, LIANG GUANGPU, XSGDRFIPUBADRVDFEW GFHT, CGHTFJIPGBADRVFDGD DFGRE,

LI HONG, PAN RUIFU, FDXGHSDFHNDFIGFCXG DFSGER, JEY XI, KUADA, KUADA, LI LIULI, TONY JIMMY, PAUL CLARKE, REMINGTON HOTEL CORP, TENG RHYS, WAI TONG, FCGDF FGFDGDFG, WENG JUNPENG, XIAMEN SHOUXIAN MAOYI YOUXIAN GONGSI, ZUOYE YOUXIAN GONGSI, WANG HUAN, FAN FAN, ZHANG YANG, XIANG FENG, ZHANGHUIYUN, ZHENG CHUNSHENG, WENG JUNPENG, ALBA FLORES, ALYSON RUIZ, DANIELA MIOTTO, PAQU NEIXIN, OUYANG MIYOU, HUANG LIANSU, OUYANG HUAWEN, WANG XINCHUAN, CHEN XINGXING, YANG LIN, LIN PIN, GOMEZ EMILY, ZHANG KE, OUYANG XINGLIANG, WONG JUDY, YANG MING, WONG JUDY, JULIE ENGLISH, OUYANG JIEYOU, LI XIN BAI, GUO RAN, MONROY CELESTE KATE, AKASAKA NANAE, SAMANTHABARNETT, HURLEY, MARY, GUO XIAOWUGONG, LIN HUI, LIN QINGGONG, XU HUANG, ZHANG FENG, GUO XIAOWUGONG, YANG SHUQING, XIAO LINGONG, CHEN GUOQIANG, WANG XIAO YA, WU LONGFENG, XIAO MEI, SHILIRONG, LI XIAORUI, XU XIAOHUI, HAZELPASCUAL, WANG XIAOLI, HUANG YONGTAO, LI KEXIN, ZHANG BIHUA, PAIOS, GUAN LINGGONG, LAN LINGGONG, QIN HUANGGONG, WU XINGXING, ZHENG FENG, ZHANG YONGTAO, GAN LINGGONG, WU ZHIRONG, XIAO QIANGGONG, XU HUANG, BRANDSALE BRANDINC, YANG LIN, WHOISGUARD, INC., PIN LIN, WHOISGUARD, INC., YANG LIN, OWENS, JAMES, LIN QIANG, WHOISGUARD, INC., HUANG YUELIN, WHOISGUARD, INC., CHUANZHANG FANGMIN, PATE ERSAQIN, OUYANG CHANGJIA, WANG WU, CONRAD BURR, DEWAYNE CERVANTES, LIYUN FENGPAN, CHEN BAP, BESTDFDD SSLIN, CLARA E ANDREW, BRIAN T. HARRISON, AUTUMN S. CUTHBERTSON, GLORIA H SCOTT, MARY VILLANUEVA, ZHIRONG TRADE, JIANG SU SHI CHENG YI YOU XIAN GONG SI, GIURT OKOA, EMMA DALTON, HOWE, BRITTANY, XIAO ZHUAN, RUDY RIVERA,

DARREN INGRAM, JACK LANG, ZHANG YAN, CESARCALLES, XIA XUE, GO GO, CHEN CHEN, MICHAEL BREWSTER, GARY, LAWRENCE, ARLENE CASTRO ZELAYA, JEFFREY H. FARR, NEVIN WEEKS, EMICTER TOM, XIAO MAI, WANG SHUAI, WANG ZHONGKAI, KARRYTONY, WANYOUX IQ, CARLSON, MICHAEL, XIAO LING, CHERYL L RAWSON, JESUS R BAUER, HAYDEE J MCDADE, IONA J ANSTETT, CHEN XIAOLONG, AMY GREEN, OUYANG SURU, PROTECTION PRIVACY, FU ZHOU SHI QIANG SHENG YOU XIAN GONG SI, ZHANG QIN, OUYANG XINGYI, OUYANG SUQUN, DENG LINGTAO, JIANG HONGWEN, WAKAKA, FU ZHOU SHI SHAN XIN YOU XIAN GONG SI, KIERAN OIPAMN, ABRIANNA GONZALES, JIANG SU SHI SHU YOU YOU XIAN GONG SI, WU LIFANG, ZHOU CHOUSHEN, CHEN ZIXIAN, MIKE TANG, LAY PILL, JOHN DEACON, YU, WU, SHUIPING GAN, JIANLIN XIAO, GONZALES, DONALD, JOHN ALCORN, JESSIE POOLE, CLAY DERRIK, STEPHANIE GREEN, LIQING GONG, AMY BLOOM, HA HA, WHOIS PRIVACY PROTECTION SERVICE, INC., EMMA ANDY, AMY GREEN, YESSICA, XIANG FEI, WEN BEN ZHOU, SU RAN, LOUIS SLAUGHTER, WEI WEI, CCW, KANDY DENG, JGRKLE BJZIZO, CHANGTIAN CHONGQING CO.LTD, NORDSTROMSHOES-OUTLET.NET, HUACHAO CHEN, SCOTT LARSON, FFJREL AANJKAK, BAI ZHANG, JING BEN ZHENG, LEE JEFF, ANDY LAU, WU WANG, ABC, TIME OUR, SHANGGUAN CHUYOU, LUDWIG RHYS, LI LUBAI, WHOISGUARD, INC., SHANGGUAN MIHUAN, HU NAO, GRAND SALE, LI JIA, MONIQUE SCHENKELS MONIQUE SCHENKELS, WANGWANG, LI YANG, XCGBDFHJIPDAGASDFGV SDER, QIAN ZHI, DONG QING, CHENLING, ZHOU YITONG, LING MIN, AMELIA WEBSTER, LANNY TYNDALL, ZHANGSHUXIAN, HEPIN GMAOYI, DAVID L BARRON, DAN THURSTON, KAITAI YANG, BAI SUSU, HE TIANXIANG, LI FANG, QIN GUANGSHUN, JING BEN ZHENG, LANNY CHEN, DIANE H. RODRIGUEZ,

ENLOE CLEMONS, BRIAN SOSA, ZHENG XIANSHEN, CHEN JIANWEI, ZHOU LONG, XINQIAN WEN, LUIGII CARDINAEE, FINNEY ELLY, XIA MEN OU MAN DI, LUDWIG RHYS, JIN ZHENG TRADING CO., LTD. XIAMEN, FU CHEN, HIUR KOANB, RUDY TREVINO, B2C TRADE, CHEN HAO, LEO C, SHUXIN, ANQINA ELECTRONIC COMMERCE CO., LTD, JIUREN-----BUFU, SI TONG, MUSES EUROPEAN AND AMERICAN FASHION TRADE PLAZA, ELLY BAG, LINTO LTD, YASMINE, ELEGANT HOUSE HOLD LIFE CO,LTD, MAURICES CLOTHING COMPANY, AMAZING VENUSS, QIQI 88, SOPHY'S WHOLESALE SHOP, FASHION JESSIE SHOP, VETORIA, GUANGUAN7788, KEN ZOU 'S STORE, ACCESSORIES NEVERMORE, TINA HU 'S STORE, HONEY KO HOUSE, THE SOUTH WIND STORE, ETOWN ELECTRONICS CO. LTD, NEW SWISS BILLITON LTD., JULIE FASHION STUDIO 232023, MAYUN TA MA'S FASHION STORE, HANGZHOU YOYO BOUTIQUE CO., LTD, TIMES GIFTS CO.,LIMITED, CELL PHONE ACCESSORIES STORE, ADA JEWELRY-FACTORY PRICE (MIN. ORDER:15D), JIA FANG HU'S STORE, YUMIM LI'S STORE, Z&L TRADE CO.,LTD, GUANGZHOU TANGO LEATHER CO ., LTD, BEILEI JEWELRY ONLINE MARKET, FASHION WATCHES-AOPOSI INTERNATIONAL TRADE CO, LTD, PHONE CASE DIY ACCESSORY JEWELRY, MEIMEI HAN, LESLIE CHEUNG, DAILYDOSE99, WINTERWIN, DONGJU638, JINSHANSP, HAOLUCK77, WANGZIXIN168, TOP6682013, GZLHM, HAOYUN2012888, QUNLI, GXF474274, SUPERTRADE10, TOPBELTS, SHOESBAG, GREATESTER, VILIN, FEIQILAI219, JUAN888, FANGJINMEI, DINGWANTING518, AIDEDAIJIA1668, STYLE737, GHDORE1688, JYLY2014, BAISHIKELE2013, XINGFU1977, HKBABA98, SUPERLIN, HHONEY888, LARGEWHOLESALE, PINYIN0314, HONESTSELLER119, WEIWEIHAOUN188, FDSGAHRTSD, NIULIAA, SWY6889, ZHAOYIYI998, KASWSAK, TANGMART, YONGYUAN668, HKMN789, SUCCESSFULLY,

ZARRAWEAR666, BESTOFTRADE2011, EASYGOODBUY, ASDFA996, CHIUMANSAN, CUTEBABIE, DONGFANGYIQU, MASTERPIECESHOP, MEIHUALU369, MINGDGGS5652, TOMSTORE888, XINWENLIANBO118, 218.6.9.47:8022, CYWATCHES.V.YUPOO.COM, and ROLASHOP.V.YUPOO.COM, (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Michael Kors' business within this Judicial District.  Through at least the fully interactive commercial Internet websites operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"), each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold counterfeit Michael Kors products to residents of Illinois.  Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Michael Kors substantial injury in the State of Illinois.

## II. INTRODUCTION

3.      This action has been filed by Michael Kors to combat online counterfeiters who trade upon Michael Kors' reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed look-a-like products featuring the Michael Kors trademarks (the "Counterfeit Michael Kors Products"). The Defendants create the Defendant Internet Stores by the hundreds or even thousands and design them to appear to be selling genuine Michael Kors products, while actually selling Counterfeit Michael Kors Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Michael Kors is forced to file these actions to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Michael Kors Products over the Internet. Michael Kors has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4.      Plaintiff Michael Kors is a limited liability corporation duly organized and existing under the laws of the State of Delaware, having an office and principal place of business at 11 West 42nd Street, New York, New York 10036.

5.      Michael Kors is a famous and valuable global luxury lifestyle brand launched in 1981 by award-winning designer Mr. Michael Kors. The company has evolved from an American

15

luxury sportswear house to a global accessories, footwear and apparel company with a presence in over 85 countries.

6.　　Michael Kors offers two primary collections: the Michael Kors collection and the MICHAEL Michael Kors collection (together, the "Michael Kors Products").

7.　　The Michael Kors collection was first introduced in 1981 and reflects the pinnacle of luxury. The Michael Kors collection is carried in Michael Kors retail stores and in some of the finest luxury department stores in the world, including, but not limited to, Nordstrom, Saks Fifth Avenue, and Neiman Marcus. This collection consists of accessories, including handbags and small leather goods (many of which are made from high quality leathers and other exotic skins), footwear and apparel.

8.　　The MICHAEL Michael Kors collection, an accessible luxury collection, was first introduced in 2004. This collection focuses on accessories, but also includes footwear and apparel. The MICHAEL Michael Kors collection is carried in Michael Kors lifestyle stores and in leading department stores throughout the world.

9.　　Over the years, Mr. Michael Kors has received a number of awards for his designs, including the Council of Fashion Designers of America (CFDA) Women's Fashion Designer of the Year (1999), the CFDA Men's Fashion Designer of the Year (2003), the ACE Accessory Designer of the Year (2006) and the CFDA Lifetime Achievement Award (2010).

10.　　In 2004, Mr. Michael Kors became a judge on the highly popular television show "Project Runway" and served as judge for the show's first 10 seasons.

11.　　Countless internationally known celebrities have worn Michael Kors garments, including United States First Lady Michelle Obama, who posed in a Michael Kors dress for her first official portrait.

12.      As a result, the Michael Kors brands have been the subject of significant, unsolicited publicity, and the products sold under these brands have had tremendous sales success. Michael Kors has also expended significant resources on advertising and marketing the Michael Kors brands.

13.      There are currently more than two hundred seventy (270) Michael Kors stores in the United States, including two in Chicago and seven (7) in the Northern District of Illinois.

14.      Through these efforts, Michael Kors has acquired substantial public recognition and goodwill for its brands.  Through extensive and longstanding use of its trademarks, Michael Kors has developed significant and valuable intellectual property rights in its Michael Kors brands for which the United States Patent and Trademark Office has granted numerous federal trademark registrations, including the following registrations (collectively, the "MICHAEL KORS Trademarks"):

| Registration No. | Mark | Registration Date | International Classes |
|---|---|---|---|
| 1,977,507 | MICHAEL KORS | June 4, 1996 | FOR: LADIES' CLOTHING; NAMELY, DRESSES, JACKETS, PANTS, SKIRTS, SHIRTS, BLOUSES, SHORTS, SWEATERS, COATS, SWIMWEAR IN CLASS 025. |
| 2,049,326 | MICHAEL KORS | April 1, 1997 | FOR: CLOTHING FOR USE BY WOMEN; NAMELY, ANORAKS; ASCOTS; BABUSHKAS; BANDANAS; BATHROBES; BELTS; BLAZERS; BLOUSONS; BODYSUITS; BOLEROS; BOOTS; CAFTANS; CAMISOLES; CAPES; CAPS; CARDIGANS; CHEMISES; CLOGS; FUR COATS; SUIT COATS; CULOTTES; EARMUFFS; GLOVES; NIGHTGOWNS; HALTER TOPS; HATS; HEADBANDS; HOSIERY; JEANS; JOGGING SUITS; |

| | | | |
|---|---|---|---|
| | | | JUMPERS; JUMPSUITS; KERCHIEFS; KIMONOS; LEGGINGS; LOUNGEWEAR; MITTENS; MOCCASINS; MUFFLERS; NECKERCHIEFS; NECKTIES; NECKWEAR; NIGHTSHIRTS; PAJAMAS; PANTSUITS; PARKAS; PEDAL PUSHERS; PINAFORES; PONCHOS; PULLOVERS; RAINCOATS; SANDALS; SCARVES; SHAWLS; SHORTS; UNDERSHIRTS; ATHLETIC SHOES; GYM SHORTS; SWEAT SHORTS; SKI SUITS; SLACKS; SNOWSUITS; SOCKS; SPORT COATS; SPORT SHIRTS; STOCKINGS; STOLES; SUITS; SUSPENDERS; SWEAT PANTS; SWEAT SHIRTS; T-SHIRTS; TROUSERS; VESTS; VESTED SUITS; AND WARM-UP SUITS; AND, CLOTHING FOR USE BY MEN; NAMELY, ANORAKS; ASCOTS; BANDANAS; BELTS; BLAZERS; CAPES; CARDIGANS; CLOGS; FUR COATS; SUIT COATS; GLOVES; HATS; JEANS; JOGGING SUITS; KERCHIEFS; MUFFLERS; NECKERCHIEFS; NECKTIES; NECKWEAR; PARKAS; POCKET SQUARES; PONCHOS; PULLOVERS; RAINCOATS; SCARVES; SHORTS; UNDERSHIRTS; GYM SHORTS; SWEAT SHORTS; SKI SUITS; SLACKS; SPORT COATS; SPORT SHIRTS; SUITS; SUSPENDERS; SWEAT PANTS; SWEAT SHIRTS; T-SHIRTS; TROUSERS; TUXEDOS; VESTS; VESTED SUITS IN CLASS 025. |
| 2,520,757 | MICHAEL KORS | December 18, 2001 | FOR: HANDBAGS, BILLFOLDS, CREDIT CARD CASES, KEY CASES, AND TOTE BAGS IN CLASS 018. |

| 2,520,758 | MICHAEL KORS | December 18, 2001 | FOR: EYEGLASSES, EYEGLASS CASES IN CLASS 009. |
|---|---|---|---|
| 2,547,039 | MICHAEL KORS | March 12, 2002 | FOR: RETAIL STORES SERVICES IN THE FIELDS OF CLOTHING, JEWELRY AND CLOTHING ACCESSORIES IN CLASS 035. |
| 2,708,259 | MICHAEL KORS | April 22, 2003 | FOR: COSMETICS; NAMELY, BODY LOTION, COLOGNE; PERFUME AND SHOWER GEL IN CLASS 003. |
| 2,824,657 | KORS MICHAEL KORS | March 23, 2004 | FOR: MEN'S AND WOMEN'S CLOTHING, NAMELY, COATS, JACKETS, AND JEANS IN CLASS 025. |
| 3,080,631 | MICHAEL MICHAEL KORS | April 11, 2006 | FOR: EYEGLASS FRAMES, EYEGLASSES, SUNGLASSES, EYEGLASS CASES IN CLASS 009. FOR BAGS, NAMELY, TOTE BAGS; HANDBAGS; PURSES; WALLETS IN CLASS 018. FOR MEN'S AND WOMEN'S CLOTHING, NAMELY, DRESSES, SKIRTS, BLOUSES, PANTS, JACKETS, BLAZERS, COATS, RAINCOATS, CAPES, PONCHOS, SCARVES, HATS, GLOVES, SWEATERS, BELTS, BATHING SUITS, HALTER TOPS, JEANS, WARM UP SUITS, SWEATSHIRTS, SWEATPANTS, LEGGINGS, SHORTS, SLACKS, SPORT COATS, SPORT SHIRTS, SUITS, T-SHIRTS, VESTS, TIES; UNDERGARMENTS FOR WOMEN, NAMELY, CAMISOLES; FOOTWEAR AND HEADWEAR; BELTS IN CLASS 025. |
| 3,160,981 | MICHAEL KORS | October 17, 2006 | FOR: WATCHES IN CLASS 014. |

| 3,319,381 | MICHAEL KORS | October 23, 2007 | FOR: BED COVERS, BEDDING, NAMELY, SHEETS, PILLOW CASES, DUVET COVERS, BEDSPREADS, COMFORTERS, SHAMS, BLANKETS IN CLASS 024. |
|---|---|---|---|
| 3,438,412 | MK MICHAEL KORS | May 27, 2008 | FOR: EYEGLASS FRAMES, EYEGLASSES, SUNGLASSES, EYEGLASS CASES, EYE SHADES, PROTECTIVE EYE WEAR AND EYE WEAR FOR SPORTS IN CLASS 009. FOR: HANDBAGS IN CLASS 018. FOR: MEN'S AND WOMEN'S CLOTHING, NAMELY, DRESSES, SKIRTS, BLOUSES, PANTS, JACKETS, BLAZERS, COATS, RAINCOATS, CAPES, PONCHOS, SCARVES, HATS, GLOVES, SWEATERS, BELTS, HOSIERY, BATHING SUITS, HALTER TOPS, SOCKS, JEANS, WARM UP SUITS, SWEATSHIRTS, SWEATPANTS, LEGGINGS, SHORTS, SLACKS, SPORT COATS, SPORT SHIRTS, SUITS, T-SHIRTS, TUXEDOS, VESTS, TIES; UNDERGARMENTS FOR MEN AND WOMEN, NAMELY, BOXER SHORTS, BRAS, BUSTIERS, CAMISOLES, NIGHTGOWNS, NIGHTSHIRTS, PAJAMAS, PANTIES, UNDERSHIRTS, UNDERWEAR; FOOTWEAR AND HEADWEAR; BELTS IN CLASS 025. |
| 3,535,310 | MK MICHAEL KORS | November 18, 2008 | FOR: WATCHES IN CLASS 014. |
| 4,052,748 | MICHAEL KORS | November 8, 2011 | FOR: JEWELRY IN CLASS 014. |
| 4,052,752 | MICHAEL MICHAEL KORS | November 8, 2011 | FOR: JEWELRY AND WATCHES IN CLASS 014. |

| 4,334,409 | MICHAEL MICHAEL KORS | May 14, 2013 | FOR: PROTECTIVE CASES, COVERS AND CARRYING CASES FOR MOBILE PHONES, PORTABLE MEDIA PLAYERS, PERSONAL DIGITAL ASSISTANTS, LAPTOPS AND TABLET COMPUTERS IN CLASS 009. |
| --- | --- | --- | --- |
| 4,334,410 | MICHAEL KORS | May 14, 2013 | FOR: PROTECTIVE CASES, COVERS AND CARRYING CASES FOR MOBILE PHONES, PORTABLE MEDIA PLAYERS, PERSONAL DIGITAL ASSISTANTS, LAPTOPS AND TABLET COMPUTERS IN CLASS 009. |

15.    The above U.S. registrations for the MICHAEL KORS Trademarks are valid, subsisting, in full force and effect, and some are incontestable pursuant to 15 U.S.C. § 1065.  The MICHAEL KORS Trademarks have been used exclusively and continuously by Michael Kors, some since at least as early as 1981, and have never been abandoned.  True and correct copies of the above-listed United States Registration Certificates are attached as **Exhibit 1**.  The registrations for the MICHAEL KORS Trademarks constitute *prima facie* evidence of their validity and conclusive evidence of Michael Kors' exclusive right to use the MICHAEL KORS Trademarks pursuant to 15 U.S.C. § 1057 (b).

16.    The MICHAEL KORS Trademarks are exclusive to Michael Kors, and are displayed extensively on Michael Kors Products and in Michael Kors' marketing and promotional materials.  In fact, Michael Kors has expended millions of dollars annually in advertising, promoting and marketing featuring the MICHAEL KORS Trademarks.  Michael Kors Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items.  Because of these and other factors, the

Michael Kors name and the MICHAEL KORS Trademarks have become famous throughout the United States.

17.     The MICHAEL KORS Trademarks are distinctive when applied to the Michael Kors Products, signifying to the purchaser that the products come from Michael Kors and are manufactured to Michael Kors' high quality standards. The MICHAEL KORS Trademarks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. As such, the goodwill associated with the MICHAEL KORS Trademarks is of incalculable and inestimable value to Michael Kors.

18.     Since 2007, Michael Kors, through its licensing partner Neiman Marcus, has operated a website where it promotes and sells genuine Michael Kors Products at michaelkors.com. The michaelkors.com website features proprietary content, images and designs.

19.     Michael Kors has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the MICHAEL KORS Trademarks. As a result products bearing the MICHAEL KORS Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Michael Kors. Last year, Michael Kors had revenues of approximately $3.3 billion.

**The Defendants**

20.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and

continues to sell Counterfeit Michael Kors Products to consumers within the United States, including the State of Illinois.

21.　　On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing counterfeit versions of the MICHAEL KORS Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Michael Kors to learn Defendants' true identities and the exact interworking of their massive counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Michael Kors will take appropriate steps to amend the Amended Complaint.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

22.　　The success of the Michael Kors brand has resulted in its significant counterfeiting. Consequently, Michael Kors has a worldwide anti-counterfeiting program and regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. In recent years, Michael Kors has identified thousands of domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer and Aliexpress, including the Defendant Internet Stores, which were offering for sale, selling, and importing Counterfeit Michael Kors Products to consumers in this Judicial District and throughout the United States. Despite Michael Kors' enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores, which generate massive profits selling Counterfeit Michael Kors Products. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics

report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2013 was over $1.74 billion, up from $1.26 billion in 2012. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

23.     Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Michael Kors Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union and PayPal. Numerous Defendant Domain Names also incorporate the MICHAEL KORS Trademarks into the URL, and the Defendant Internet Stores often include copyright-protected content, images, and product descriptions on the websites to make it very difficult for consumers to distinguish such counterfeit sites from an authorized retailer. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. Michael Kors has not licensed or authorized Defendants to use any of the MICHAEL KORS Trademarks, and none of the Defendants are authorized retailers of genuine Michael Kors Products.

24.     Defendants also deceive unknowing consumers by using the MICHAEL KORS Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Michael Kors Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant

search results and misdirect consumers searching for genuine Michael Kors Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Michael Kors also seeks to disable Defendant Domain Names owned by Defendants that are the means by which the Defendants could continue to sell Counterfeit Michael Kors Products.

25. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Amended Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of Defendants' massive counterfeiting operation, and to avoid being shut down.

26. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, Counterfeit Michael Kors Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Michael Kors Products were manufactured by and come from a common source and that Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns,

unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, similar name servers, and the use of the same text and images, including content copied from Michael Kors' official michaelkors.com website.

27.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts.  For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit.  Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received.  Rogue servers are notorious for ignoring take down demands sent by brand owners.  Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.  A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

28.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Michael Kors' enforcement efforts.  On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.  Indeed, analysis of PayPal transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

29. Defendants, without any authorization or license from Michael Kors, have knowingly and willfully used and continue to use the MICHAEL KORS Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Michael Kors Products into the United States and Illinois over the Internet. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Michael Kors Products into the United States, including Illinois.

30. Defendants' use of the MICHAEL KORS Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Michael Kors Products, including the sale of Counterfeit Michael Kors Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Michael Kors.

## COUNT I

## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

31. Michael Kors re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 30.

32. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered MICHAEL KORS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The MICHAEL KORS Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Michael Kors Products sold or marketed under the MICHAEL KORS Trademarks.

33. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products bearing counterfeit reproductions of the MICHAEL KORS Trademarks without Michael Kors' permission.

34.     Michael Kors is the exclusive owner of the MICHAEL KORS Trademarks. Michael Kors' United States Registrations for the MICHAEL KORS Trademarks (Exhibit 1) are in full force and effect.  Upon information and belief, Defendants have knowledge of Michael Kors' rights in the MICHAEL KORS Trademarks, and are willfully infringing and intentionally using counterfeits of the MICHAEL KORS Trademarks.  Defendants' willful, intentional and unauthorized use of the MICHAEL KORS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Michael Kors Products among the general public.

35.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36.     Michael Kors has no adequate remedy at law, and if Defendants' actions are not enjoined, Michael Kors will continue to suffer irreparable harm to its reputation and the goodwill of its well-known MICHAEL KORS Trademarks.

37.     The injuries and damages sustained by Michael Kors have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Michael Kors Products.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

38.     Michael Kors hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 37.

39.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Michael Kors Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Michael

28

Kors or the origin, sponsorship, or approval of Defendants' Counterfeit Michael Kors Products by Michael Kors.

40.     By using the MICHAEL KORS Trademarks on the Counterfeit Michael Kors Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Michael Kors Products.

41.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Michael Kors Products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

42.     Michael Kors has no adequate remedy at law and, if Defendants' actions are not enjoined, Michael Kors will continue to suffer irreparable harm to its reputation and the goodwill of its Michael Kors brand.

**COUNT III**
**CLAIM FOR INJUNCTIVE RELIEF UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d)) AS TO THE DEFENDANTS OPERATING A DEFENDANT DOMAIN NAME INCORPORATING THE MICHAEL KORS TRADEMARKS**

43.     Michael Kors hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 42.

44.     Michael Kors is the exclusive owner of the MICHAEL KORS Trademarks.  The U.S. Registrations for the MICHAEL KORS Trademarks (Exhibit 1) are in full force and effect. Additionally, the MICHAEL KORS Trademarks are distinctive and famous marks pursuant to 15 U.S.C. § 1125 and were famous before and at the time of the registration of the Defendant Domain Names.

45.     Upon information and belief, Defendants have acted with bad faith intent to profit from the unauthorized use of the MICHAEL KORS Trademarks and the goodwill associated

therewith by registering, trafficking in, or using various domain names which are identical to, confusingly similar to or dilutive of the MICHAEL KORS Trademarks.

46.     Defendants have no intellectual property rights in or to the MICHAEL KORS Trademarks.

47.     Defendants' actions constitute willful cybersquatting in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

48.     Michael Kors has no adequate remedy at law, and the registration and use of the Defendant Domain Names has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Michael Kors.

**COUNT IV**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, et seq.)**

49.     Michael Kors hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 48.

50.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Michael Kors Products as those of Michael Kors, causing a likelihood of confusion and/or misunderstanding as to the source of their goods,; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Michael Kors Products; representing that their products have Michael Kors' approval when they do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

51.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

52.     Michael Kors has no adequate remedy at law, and Defendants' conduct has caused Michael Kors to suffer damage to its reputation and goodwill. Unless enjoined by the Court,

Michael Kors will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Michael Kors prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the MICHAEL KORS Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Michael Kors Product or is not authorized by Michael Kors to be sold in connection with the MICHAEL KORS Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Michael Kors Product or any other product produced by Michael Kors, that is not Michael Kors' or not produced under the authorization, control, or supervision of Michael Kors and approved by Michael Kors for sale under the MICHAEL KORS Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Michael Kors Products are those sold under the authorization, control or supervision of Michael Kors, or are sponsored by, approved by, or otherwise connected with Michael Kors;

   d. further infringing the MICHAEL KORS Trademarks and damaging Michael Kors' goodwill;

   e. otherwise competing unfairly with Michael Kors in any manner;

31

f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Michael Kors, nor authorized by Michael Kors to be sold or offered for sale, and which bear any Michael Kors trademark, including the MICHAEL KORS Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Michael Kors Products; and

h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the MICHAEL KORS Trademarks or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine Michael Kors Product or not authorized by Michael Kors to be sold in connection with the MICHAEL KORS Trademarks; and

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Michael Kors a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through h, above;

3) Entry of an Order that, at Michael Kors' choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Michael Kors, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall

unlock and change the registrar of record for the Defendant Domain Names to a registrar of Michael Kors' selection, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to a registrar of Michael Kors' selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

4) Entry of an Order that, upon Michael Kors' request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such as iOffer and Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and any related Alibaba entities (collectively "Alibaba"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

   a. disable and cease providing services for any accounts through which Defendants engage in the sale of Counterfeit Michael Kors Products using the MICHAEL KORS Trademarks, including any accounts associated with the Defendants listed on Schedule A;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Michael Kors Products using the MICHAEL KORS Trademarks; and

   c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index; and

5) That Defendants account for and pay to Michael Kors all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for

infringement of the MICHAEL KORS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6)   In the alternative, that Michael Kors be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the MICHAEL KORS Trademarks and $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

7)   That Michael Kors be awarded its reasonable attorneys' fees and costs; and

8)   Award any and all other relief that this Court deems just and proper.

Dated this 23rd day of February 2015.                    Respectfully submitted,

                                             __/s/ Justin R. Gaudio_____
                                             Paul G. Juettner
                                             Justin R. Gaudio
                                             Jessica L. Bloodgood
                                             Greer, Burns & Crain, Ltd.
                                             300 South Wacker Drive, Suite 2500
                                             Chicago, Illinois 60606
                                             312.360.0080 / 312.360.9315 (facsimile)
                                             pjuettner@gbclaw.net
                                             jgaudio@gbclaw.net
                                             jbloodgood@gbclaw.net

                                             *Counsel for Plaintiff Michael Kors, L.L.C.*